IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHAEL LANGORIA

v.                              4:04-CR-00165-01-WRW
                                4:07-CV-01054-WRW

UNITED STATES OF AMERICA

## ORDER

Pending is Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 50). The Prosecution has responded (Doc. No. 54). For the reasons set out below, Petitioner's Motion (Doc. No. 50) is DENIED.

**I.      BACKGROUND**

Petitioner was indicted on July 9, 2004, on five counts of knowingly possessing counterfeit checks.[1] On February 10, 2005, Petitioner pled guilty to all five counts.[2] During the change of plea hearing, the Court explained to Petitioner that sentencing within the guidelines was obligatory, unless it was unreasonable to do so.[3] Petitioner stated that he understood that.[4] The Court asked if there was a plea agreement, and defense counsel responded that there was

---

[1] Doc. No. 1.

[2] Doc. No. 25.

[3] Transcript of Plea Hearing, February 10, 2005, at 3.

[4] *Id.* at 3-4.

1

not.[5] The Court also asked Petitioner if "any promises [had] been made to you or any understandings made with you . . . to get you to plead guilty."[6] Petitioner answered "No, sir."[7]

A pre-sentence report was prepared in which it was shown that Petitioner's criminal history score was 54.[8] On June 24, 2005, the Prosecution filed a motion for upward departure.[9] The Prosecution asserted that because Petitioner's criminal history score far exceeded the upper range of criminal history category VI, the highest category, his criminal history category "both substantially under-represents the seriousness of his criminal history and the likelihood that the [Petitioner] will commit other crimes."[10]

Sentencing began on July 5, 2005, with the Court reciting the nature of the case, and saying that there was no plea agreement.[11] The Court then immediately asked Petitioner if he was satisfied with his attorney, to which Petitioner replied "yes, sir."[12] As the sentencing progressed, Petitioner's counsel made numerous objections to the pre-sentence report.[13] Trial counsel made objections to the pre-sentence report specifically in connection with the Prosecution's motion for

---

[5]*Id*. at 11.

[6]*Id*. at 12.

[7]*Id.*

[8]Doc. No. 36. All references are to the PSR prepared on 10-5-05.

[9]Doc. No. 29.

[10]*Id*.

[11]Transcript of First Sentencing Hearing, July 5, 2005, at 2.

[12]*Id*.

[13]*Id*. at 4-6, 7-9.

2

an upward departure.[14] Because of objections to the pre-sentence report, sentencing was continued.[15]

Sentencing resumed on October 4, 2005. The Court again recited the nature of the case, reiterated that there was no plea agreement, and asked Petitioner if he was satisfied with his attorney.[16] Petitioner replied "yes, sir, very much."[17] In the sentencing, Petitioner's trial counsel again made objections to the pre-sentence report, and those objections continued over six pages of transcript.[18] When the Court heard from counsel in connection with the Prosecution's motion for upward departure, Petitioner's trial counsel urged the court not to grant the motion.[19] Petitioner then spoke on his own behalf, saying "nor do I blame [the Prosecution] for filing the motion that she did in asking for an upward departure. If I were in her spot, I would probably do the same thing if I were looking at the criminal history report that's before you."[20] Ultimately, the Court sentenced Petitioner to 48 months imprisonment.

## II.  DISCUSSION

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness.[21] Petitioner must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable

---

[14]*Id*. at 8-9.

[15]*Id*. at 8-9.

[16]Transcript of Second Sentencing Hearing, October 4, 2005, at 2.

[17]*Id*.

[18]*Id*. at 4 - 10.

[19]*Id*. at 14-17.

[20]*Id*. at 18.

[21] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

professional judgment.[22] The court then must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[23] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[24]

Even if a court finds ineffective assistance of counsel, the petitioner also must establish prejudice.[25] To establish prejudice, a petitioner must demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[26]

So, the test has two parts: (1) deficient performance and (2) prejudice. If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.[27]

    A. <u>Trial Counsel Was Ineffective for Failing to Tell the Court There Was An Oral Plea Agreement</u>.

Petitioner asserts that there was an oral plea agreement about which his counsel failed to inform the Court; this is contradicted by the record. During the change of plea hearing, the Court asked if there was a plea agreement; Petitioner's trial counsel responded that there was not.[28] During the change of plea hearing, Petitioner was asked if there were any promises or

---

[22] *Strickland*, 466 U.S. at 690.

[23] *Id.*

[24] *Strickland*, 466 U.S. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[25] *Strickland*, 466 U.S. at 694.

[26] *Id.* (where "reasonable probability" is "a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[27] *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

[28] Transcript of Change of Plea Hearing, February 10, 2005, at 11.

threats made to get him to plead guilty.[29] Petitioner answered no.[30] During both sentencing hearings, the Court reiterated that there was no plea agreement, and no party disagreed.[31]

Even if there was a plea agreement, Petitioner cannot establish prejudice, because the sentencing court is not bound by a plea agreement;[32] accordingly, Petitioner cannot show that there was a reasonable probability that he would have been sentenced any differently even if the parties had entered into a plea agreement.

B. <u>Trial Counsel Was Ineffective for Failing to Object to Petitioner's Criminal History</u>.

United States Sentencing Guideline ("USSG") §4A1.2(a) defines "prior sentence." Under that section, "prior sentence" means "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of <u>nolo</u> <u>contendere</u>, for conduct not part of the instant offense."[33] That section further provides that if a defendant has multiple "prior sentences," it must be determined if the sentences be counted separately or as a single sentence.[34] "Prior sentences" are counted separately if "the sentences were imposed for offenses that were separated by an intervening arrest (<u>i.e.</u>, the defendant is arrested for the first offense prior to committing the second offense)."[35]

---

[29]*Id*.

[30]*Id*. at 12.

[31]Transcript of First Sentencing Hearing, July 5, 2005, at 2; Transcript of Second Sentencing Hearing, October 4, 2005, at 2.

[32]See *United States v. DeWitt*, 366 F.3d 667, 671 (8th Cir. 2004) (quoting *United States v. Johnson*, 132 F.3d 628, 631 (11th Cir. 1998)); *United States v. Wivell*, 893 F.2d 156, 158-59 (8th Cir. 1990).

[33]U.S. Sentencing Guideline § 4A1.2(a)(1).

[34]U.S. Sentencing Guideline § 4A1.2(a)(2).

[35]*Id*. This section continues: "If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any proper sentence

USSG § 4A1.1(a) instructs that 3 points should be added for each prior sentence of imprisonment exceeding one year and one month. USSG § 4A1.1(b) instructs that 2 points should be added for each prior sentence of imprisonment of at least sixty days not counted in § 4A1.1(a).

### 1. Paragraphs 23 and 24

Paragraph 23 of the pre-sentence report ("PSR") indicates that Petitioner was arrested for the offense on 12-12-89. Paragraph 24 of the PSR shows that Petitioner was arrested on 1-19-90 for that offense. Despite the fact that Petitioner was sentenced on the same day for both offenses, the sentences in connection with Paragraphs 23 and 24 were correctly counted separately because there was an intervening arrest. Petitioner cannot show prejudice in connection with his counsel not objection to Paragraphs 23 and 24 of the PSR, because the correct number of criminal history points was added for each prior sentence.

### 2. Paragraphs 31, 32, and 33

It is unclear exactly what Petitioner alleges was improper in connection with paragraphs 31, 32, and 33 of the PSR. Paragraphs 31 and 33 were properly assigned two points each, as the offenses in those paragraphs were punished by sentences of less than six months of imprisonment. The offense in paragraph 32 carried a two year sentence, and thus 3 points were added in connection with that sentence. The offenses were separated by an intervening arrest: Petitioner was arrested on 12-19-93 for the offense in paragraph 31, on 5-3-94 for the offense in paragraph 32, and on 12-12-95 for the offense in paragraph 33. In connection with these paragraphs, no objection Petitioner's trial counsel would have made could have changed the outcome of Petitioner's sentence.

---

covered by (A) or (B) as a single sentence."

### 3. Paragraphs 37 and 38

Petitioner alleges that "[t]wo (2) other cases, referenced in paragraphs 37 and 38, were noted as 'organized fraud, over $20,000.00' appear to be related and occurring in the same or similar course of conduct."[36]

Count one of the offense described in paragraph 37 was for "organized fraud -- less than $20,000," and counts one and five of the offense in paragraph 38 were for "organized fraud."[37] Beyond the fact that Petitioner was charged for the same violation in two separate docket numbers, there is nothing in the record to support a conclusion that those cases were related and occurring in the same or similar course of conduct. The offense for count one involved Petitioner writing insufficient funds checks between November 25, 1997, and January 7, 1998.[38] In connection with paragraph 38, Petitioner wrote a check from a closed account on May 1, 1998.[39] Petitioner was arrested on different dates for each offense, and sentenced on different dates for each offense. The number of criminal history points assigned to each of these "prior sentences" was proper. Thus, Petitioner cannot show prejudice in connection with his counsel not objecting to these paragraphs of the PSR.

### 4. Paragraphs 41, 42, and 43

Three criminal history points were added for the "prior sentence" in paragraph 41. No criminal history points were added for the "prior sentence" in paragraph 42, because the sentences in paragraphs 41 and 42 were treated as a single sentence. Petitioner asserts that because he pled to all charges on the same day, and because he received the same sentence in all

---

[36] Doc. No. 50.

[37] Doc. No. 36.

[38] *Id.*

[39] *Id.*

cases, his counsel should have objected to the criminal history points assigned in paragraphs 41-43. It was proper to assign three criminal history points for the "prior sentence" in paragraph 43, as there was an intervening arrest. Petitioner was not prejudiced by his trial counsel not objecting to these paragraphs of his PSR.

     5. <u>Paragraphs 53 and 54</u>.

Petitioner asserts that because he pled guilty in the same court and received the same sentence for the offenses identified in paragraphs 53 and 54 (apparently, Petitioner meant paragraphs 52 and 53, because paragraph 54 is part of the criminal history computation and does not include any offense), he was prejudiced by his trial counsel not objecting to those paragraphs. There was an intervening arrest -- Petitioner was arrested on 6-28-03 in connection with the offense set out in paragraph 52 and was arrested on 7-28-03 for the offense in paragraph 53. Further, no criminal history points were assigned in either paragraph. Because no criminal history points were assigned, Petitioner could not have been prejudiced by his counsel's failure to object to these paragraphs.

     6. <u>Paragraphs 47 and 48</u>.

Even assuming Petitioner's allegation that his trial counsel was ineffective for not objecting to paragraphs 47 and 48 being assigned 3 points, there was still no prejudice. Petitioner's criminal history score was 54. A three point reduction to 51 points would not have created a reasonable probability that Petitioner would have been sentenced differently.

### C. Trial Counsel Was Ineffective for Failing to Anticipate the Government's Motion for Upward Departure.

Petitioner asserts that "[t]rial counsel's failure to anticipate the upward departure and her failure to attempt to take action to prevent this from occurring, was a denial of Petitioner's right to effective assistance of counsel."[40]

United States Sentencing Guideline § 4A1.3 allows for an upward departure when a defendant's criminal history category "substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."[41] The commentary addresses upward departures from criminal history category VI, and recognizes that an upward departure from this category may be warranted.[42]

Even if Petitioner's trial counsel did not anticipate an upward departure, this alleged ineffectiveness was not prejudicial to Petitioner. Petitioner also alleges that his counsel failed to prevent the upward departure from happening. I disagree.

The record shows that Petitioner's trial counsel tried at both the first and second sentencing hearing to prevent the Court from making an upward departure. During the first sentencing hearing, Petitioner's counsel objected to parts of the PSR in connection with the Prosecution's motion for upward departure.[43] During the second sentencing hearing, Petitioner's trial counsel objected to the suggestion of an upward departure.[44] Trial counsel distinguished Petitioner's case from the precedent cited by the Prosecution; she argued mitigating factors; and

---

[40]Doc. No. 50.

[41]United States Sentencing Guideline § 4A1.3.

[42]United States Sentencing Guideline § 4A1.3, commentary.

[43]Transcript of First Sentencing Hearing, date July 5, 2005, at 5, 8-9.

[44]Transcript of Second Sentencing Hearing, October 4, 2005, at 10.

9

she pointed out to the Court that Petitioner was a potential organ donor match for his ill sister.[45] The allegation that trial counsel failed to oppose the upward motion is not supported by the record.

      D. Trial Counsel Was Ineffective for Failing to Follow Up on Petitioner's Debriefing.

On February 12, 2008, the Prosecution filed a Motion for Downward Departure under Rule 35 asking the Court to reduce Petitioner's sentence by 20% for cooperation.[46] Petitioner responded, asserting that his sentence should be reduced by no less than 40%.[47] The Court ordered a reduction in sentence of approximately 30%, reducing Petitioner's sentence from 48 months to 34 months.[48]

Because Petitioner's sentence was reduced, he can show no prejudicial error. Accordingly, Petitioner's ineffective assistance argument on this point fails.

## III. CONCLUSION

Even if petitioner's alleged ineffective assistance of counsel could be established, Petitioner could not show prejudice. Accordingly, Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. No. 50) is DENIED.

IT IS SO ORDERED this 5th day of May, 2008.

                                         /s/ Wm. R. Wilson, Jr.
                                         UNITED STATES DISTRICT JUDGE

---

[45]*Id*. at 14-17.

[46]Doc. No. 55.

[47]Doc. No. 56.

[48]Doc. No. 57.